WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, WASHINGTON STATE BAR NO. 44452**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
800 E. PARK BLVD., SUITE 600
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1414
EMAIL: bill.humphries@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DOUGLAS V. TOOMER,<br><br>Plaintiffs,<br><br>v.<br><br>TERRAPOWER, LLC and BATTELLE ENERGY ALLIANCE, LLC,<br><br>Defendants. | Case No. 4:16-CV-00226-BLW<br><br>**MEMORANDUM IN SUPPORT OF THE UNITED STATES' APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE AND REQUEST FOR PARTIAL LIFTING OF SEAL**<br><br>**FILED UNDER SEAL and EX PARTE** |

The United States respectfully submits this Memorandum in Support of the United States' Application for Extension of Time to Elect Whether to Intervene and Request for Partial Lifting of Seal pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(3). The United States seeks a six-month extension of time from August 8, 2016, up to and including February 8, 2017 to consider whether to intervene in the above-captioned *qui tam* action. The United States seeks

MEMORANDUM IN SUPPORT OF THE UNITED STATES' APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE AND REQUEST FOR PARTIAL LIFTING OF SEAL -1

this extension of time to assess the case, which includes investigating and evaluating the allegations against the defendants; developing the facts; assessing the complexity of both the factual and legal aspects of the case; and determining whether to intervene in the case.  At the end of the six-month extension, if the United States is unable to determine whether to decline the case or intervene, it will nonetheless be in a better position to evaluate the case and determine how much additional time and information will be required to make a timely and informed decision regarding intervention.  The United States will then be able to request another extension, if necessary, for a time period commensurate with the complexity of the case and the investigation.

The United States also seeks a partial lifting of the seal in this case so that the United States may disclose, in its discretion, in whole or in part, the relator's complaint (and any amended complaints that relator may file) in this case; any other sealed filings or documents in this case; and allegations or nature of the claims asserted therein, to any of the following:

(1) the defendants or their counsel;

(2) any other relators and their counsel who may have filed or will file *qui tam* actions based in whole or in part upon the allegations such as those asserted in this case; and

(3) the court or courts presiding over such other actions.

This action, and all filings in it, should otherwise remain sealed while the United States investigates.

Counsel for the relator has advised the undersigned Assistant United States Attorney that the relator does not object to the extension sought by the United States.

MEMORANDUM IN SUPPORT OF THE UNITED STATES' APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE AND REQUEST FOR PARTIAL LIFTING OF SEAL -2

I.      PROCEDURAL STATUS

This is an action under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-33 ("FCA" or "the Act"), that permit a private party, a relator, to bring suit for damages allegedly suffered by the United States due to fraud. 28 U.S.C. § 3730(b). The relator, Douglas Toomer, ("Relator") filed his *qui tam* complaint under seal on June 6, 2016. The United States Attorney was served on June 6, 2016. The United States Attorney General was served on June 10, 2016. Relator also served his disclosure statement.

II.     SUMMARY OF ALLEGATIONS

As authorized by the United States Department of Energy, Defendant TerraPower, LLC ("TerraPower") and Defendant Battelle Energy Alliance, LLC ("BEA") entered into several Cooperative Research and Development Agreements ("CRADA"). Complaint ¶ 6. Under a CRADA, the United States provides some combination of facilities, resources, or in-kind contributions to support the development and testing of new technologies and inventions. Complaint ¶ 17. All CRADAs contain a "statement of work" outlining the specific objectives of the CRADA. Complaint ¶ 18. Any invention conceived or first actually reduced to practice in the performance of work under the CRADA is a "Subject Invention." Complaint ¶ 19.

The United States receives certain rights related to Subject Inventions that result from CRADAs. For example, all CRADAs contain language specifying that "the Government retains a nonexclusive, nontransferable, irrevocable, paid-up license to practice or to have practiced for or on behalf of the United States every Subject Invention under this CRADA throughout the world." Complaint ¶ 20, Exhibit A, p. 9. Additionally, should any of the parties to the CRADA seek a patent for a Subject Invention, that patent must state that "[t]his invention was made under

a CRADA . . . The U.S. Government has certain rights in the invention." *See, e.g.,* Complaint ¶ 20, Exhibit A, p. 9.  CRADAs also contain language restricting the future manufacturing of any product developed through the CRADA, stating that those products "shall be substantially manufactured in the United States . . . ." Complaint ¶ 21, Exhibit A, p.10.

TerraPower entered into several CRADAs with BEA for the research and development of certain technologies at the Idaho National Laboratory ("INL").  Complaint ¶ 6.  Relator was employed by BEA, and his responsibilities included overseeing the CRADAs.  Complaint ¶ 7.  Relator alleges that TerraPower has submitted a patent application for a Subject Invention, and the application does not contain the required language noted above.  Complaint ¶¶ 31-32, 50, Exhibit E.  Relator also alleges that TerraPower intends to manufacture the Subject Invention overseas, and has taken steps to begin that process.  Complaint ¶¶ 35-37.

Relator asserts that this conduct violates the FCA in several ways.  First, Relator claims that TerraPower knowingly presented false claims to the United States in violation of 31 U.S.C. Se 3729(a)(1).  Complaint ¶¶ 47-53.  Second, Relator asserts that TerraPower and BEA violated the FCA because they "knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim or claims . . . ." 31 U.S.C. § 3729(a)(1)(B), Complaint ¶¶ 54-56.  Third, based on the knowledge and experience he gained through his employment, Relator alleges that the Defendants violated the FCA because they have "possession, custody, or control of property" – specifically, the Subject Invention – that was "to be used[] by the Government[,]"  and have not delivered that property to the Government.  Complaint ¶¶ 12, 57-60; 31 U.S.C. § 3729(a)(1)(D).  Fourth, Relator claims that TerraPower and BEA have made and used false statements to conceal or avoid their obligation to transmit

property to the Government in contravention of 31 U.S.C. § 3729(a)(1)(G).  Complaint ¶¶ 61-64.  Finally, Relator claims that TerraPower and BEA conspired to commit these violations of the False Claims Act.  31 U.S.C. § 3729(C).  Complaint ¶¶ 65-67.

The United States interviewed Relator on July 14, 2016.  It has yet to receive all the materials supporting Relator's allegations.

### III.     GOOD CAUSE EXISTS FOR EXTENSION

The FCA, 31 U.S.C. §§ 3729-3733, provides for the award of treble damages and civil penalties for, *inter alia*, presenting false claims to the United States and failing to deliver property to the United States. 31 U.S.C. § 3729(a)(1).  Section 3730(b) of the Act permits a private person, known as the "relator," to bring a *qui tam* action "for the person and for the United States Government."  31 U.S.C. § 3730(b)(1).  A relator must file a *qui tam* complaint *in camera,* where it remains under seal for at least 60 days.  21 U.S.C. § 3730(b)(2).  The purpose of the seal is to protect the United States' ability to investigate the relator's allegations.  *See Am. Civil Liberties Union v. Holder*, 652 F. Supp. 2d 654, 664 (E.D. Va. 2009), aff'd, 673 F.3d 245 (4th Cir. 2011); S. Rep. No. 99-345, at 23-24 (1986), as reprinted in 1986 U.S.C.C.A.N. 5266, 5288-90.  The FCA also contains a first-to-file rule that restricts the filing and pursuit of duplicative *qui tam* actions. 31 U.S.C. § 3730(b)(5).

Upon filing a *qui tam* action, a relator must serve on the United States "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses . . . ."  31 U.S.C. § 3730(b)(2).  The United States "may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information."  *Id.*  This sixty-day intervention period gives the United States an

initial opportunity to evaluate the relator's allegations, investigate the facts, and determine whether the Government should intervene and prosecute the action. 31 U.S.C. § 3730(a)-(c). A court may extend the intervention period for good cause. 31 U.S.C. § 3730(b)(3).

Relator filed his complaint under seal as required by law. 31 U.S.C. § 3730(b)(2). The U.S. Attorney's Office received the complaint and disclosure statement on June 6, 2016, but the U.S. Attorney General was not served until June 10, 2016. Thus, the sixty-day period for the Government to elect whether to intervene ends August 8, 2016, at the earliest. Because the United States is filing this application before the intervention period ended, the request is timely.

Taken as a whole, the allegations present a unique and complex legal case, and the potential violations of the law could substantially damage the United States and its interests. Relator's allegations of wrongdoing present unique issues. Proper investigation of the allegations is of the utmost importance because the allegations relate to nuclear technology that may be very important to the United States.

Since receiving Relator's pleading and preliminary disclosures, the United States mobilized to investigate Relator's allegations. A Special Agent for the U.S. Department of Energy Office of Inspector General Office of Investigations and an AUSA have reviewed Relator's pleading and preliminary disclosures and have interviewed the Relator concerning his allegations. During the interview, the United States requested the information and documentation discussed in Relator's complaint and disclosure statement and as well as items discussed in the interview. Relator's counsel agreed to provide the information promptly. The United States is awaiting relator's supplemental disclosure of these materials.

The United States continues its investigation as it awaits supplemental disclosures. It has requested the Relator's email records, has summarized the information obtained from the interview of the Relator, and is planning interviews with various people who may be able to corroborate the Relator's allegations and provide additional insight. The United States is also in the beginning stages of deciding the best method for requesting information from the Defendants and deciding when that time is appropriate. The United States requires additional time to evaluate Relator's complicated and unique allegations and to plan its investigation going forward in order to most effectively assess the case.

A six-month extension will give the United States an opportunity to develop a principled investigative approach appropriate for the complexity of the legal issues and the distinct allegations presented. In addition, a six-month extension will enable the United States to pursue coordinated investigations into common facts and allow the United States to progress toward collecting the information it needs to make a sound intervention decision. The scope of the necessary investigation and the uniqueness and complexity of the issues raised by Relator constitute good cause for additional time under 31 U.S.C. § 3730(b)(3).

Relator's counsel is aware of the uniqueness and complexity of this case and does not object to the United States' request for an extension.

## IV.   A PARTIAL LIFTING OF THE SEAL FACILITATES U.S. INVESTIGATION

Generally speaking, a *qui tam* suit remains under seal while the United States conducts its investigation. *United States v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 784 (E.D. Mich. 2008). The purpose of the seal is to protect the United States' ability to investigate the alleged fraud. *See American Civil Liberties Union v. Holder*, 652 F. Supp. 2d at 664. The

seal prevents premature disclosure of information that might expose pending law enforcement operations and gives "the Government an adequate opportunity to fully evaluate the [relator's] private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." S. Rep. No. 99-345, at 23-24. Because the seal exists for the United States' benefit, it is appropriate to lift the seal at the United States' request when doing so will advance the United States' investigation.

As discussed, under Section 3730(b) of the FCA, *qui tam* complaints are filed under seal so that the United States has "an adequate opportunity to fully evaluate the private enforcement suit and determine both if the suit involves matters the United States is already investigating and whether it is in the United States' interest to intervene and take over the civil action." *See* S. Rep. 99-345, 99th Cong., 2d Sess., reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289. The legislative history also notes that the *qui tam* seal allows the Government "an opportunity to study and evaluate" fraud allegations. *Id.* Additionally, the FCA contains a first-to-file rule, which provides that once a *qui tam* action has been filed, no person may bring "a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5); *see also United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227, 232-33 (3rd Cir. 1998). However, the seal imposed by 31 U.S.C. § 3729(b)(2) might prevent the United States from most effectively and efficiently investigating the case because it complicates and impedes interviewing the defendants and employees of the defendants.

The United States submits this application so that the United States may disclose, in its discretion, in whole or in part, Relator's complaint (and any amended complaints that Relator

may file) in this case, any other sealed filings or documents in this case, and/or the allegations or nature of the claims asserted therein, to: (1) the defendants and their counsel; (2) any other relators and their counsel who may have filed or will file *qui tam* actions based in whole or in part upon the allegations such as those asserted in this case; and (3) the court or courts presiding over such other actions.

      A partial lift of the seal will provide two benefits.  First, the United States has determined that its investigation may be advanced expeditiously through the disclosure of this *qui tam* action to the defendant to facilitate its cooperation with the United States' investigation, to permit it to respond more fully to the potentially serious factual and legal issues raised by the investigation, and possibly to accelerate the prospect for an out-of-court resolution of these matters.  Second, a partial lifting of the seal will allow the United States, at its discretion, to disclose the allegations and complaint to any relator and their counsel in any other potentially overlapping *qui tam* action.  The existence of *qui tam* cases pending under seal with similar or overlapping claims or allegations raises the potential for conflict among putative relators because each may contend that he or she has a valid stake in any or all of any future judgments or settlements with defendants.

      Lifting the seal will enhance the United States' ability to pursue its investigation in an efficient, coordinated manner.  Because the benefit of partially lifting the seal as requested outweighs the utility of maintaining complete secrecy over this action, the United States respectfully requests that the Court grant this request.  Other than as permitted in the attached proposed order, the seal in this case should remain intact.

MEMORANDUM IN SUPPORT OF THE UNITED STATES' APPLICATION FOR
EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE AND REQUEST FOR
PARTIAL LIFTING OF SEAL -9

## V. CONCLUSION

The United States requests a six-month extension as set forth in the proposed order submitted herewith, keeping Relator's complaint, material evidence and all filings under seal during the requested extension except as otherwise requested herein.  The United States requests an extension of time until February 8, 2017, to assess the case and determine whether it should intervene or seek additional time necessary to complete an investigation that will allow the United States to make a timely and informed intervention decision.

The United States also requests a partial lifting of the seal so that the United States may disclose, in its discretion, in whole or in part, the Complaint (and any amended complaints that relator may file) in this case, any other sealed filings or documents in this case, and/or the allegations or nature of the claims asserted therein, to: (1) the defendants and their counsel; (2) any other relators and their counsel who have filed or will file *qui tam* actions based in whole or in part upon the allegations such as those asserted in this case; and (3) the court or courts presiding over such other actions.

DATED this 5th day of August, 2016.

>
> WENDY J. OLSON
> UNITED STATES ATTORNEY
> By:
>
>
> /s/ William M. Humphries
> WILLILAM M. HUMPHRIES
> Assistant United States Attorney