UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. DOUGLAS V. TOOMER,<br><br>    Plaintiff,<br><br>v.<br><br>TERRAPOWER, LLC; BATTELLE ENERGY ALLIANCE, LLC;<br><br>    Defendants. | Case No. 4:16-cv-00226-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Relator Douglas V. Toomer's Motion for Permission to Petition for an Interlocutory Appeal (28 U.S.C. § 1292(b)). Dkt. 75. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES Relator's Motion.

## II. BACKGROUND

On June 6, 2016, Douglas Toomer, an individual, filed a complaint against Defendants TerraPower, LLC ("TerraPower") and Battelle Energy Alliance, LLC ("BEA")

(collectively "Defendants") on behalf of the United States' Government. He then filed an Amended Complaint in February 2017, asserting eight claims: (1) presentation of false claims in violation of the False Claims Act ("FCA"); (2) making or using false records or statements in violation of the FCA; (3) failure to deliver possession of property in violation of the FCA; (4) concealing or avoiding obligations to the Government in violation of the FCA; (5) conspiring to commit violations of the FCA; (6) declaratory judgment; (7) unjust enrichment/mistake of fact; and (8) unlawful employment retaliation.

The FCA does not permit a realtor to serve a complaint on the defendants until the Government decides whether it wishes to intervene or to allow the relator who originally filed the case to proceed with the litigation on the Government's behalf. Thus, Toomer, as the "relator" in the suit, originally only served the Complaint on the Government.

On November 11, 2017, the Government elected to move for dismissal, rather than allow the litigation to proceed in its name. However, the Government did not formally intervene in the case under 31 U.S.C. § 3730(c)(3) prior to moving for dismissal.

On October 10, 2018, the Court granted the Government's motion to dismiss of all of Toomer's claims except for his unlawful employment retaliation claim. Dkt. 40.

On November 7, 2018, Toomer filed a motion for the Court to reconsider its October 10, 2018 order. Dkt. 52. On March 5, 2019, the Court denied his motion. Dkt. 70. The Court treated Toomer's motion to reconsider as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). There are four grounds upon which the Court could grant a motion for reconsideration: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is

necessary to prevent manifest injustice; or (4) there is an intervening change in the law." Dkt. 70, at 8 (internal quotation marks and citations omitted). As the Court found that Toomer had not "provided any facts or arguments that warrant reconsideration" under that standard, it denied Toomer's motion. Dkt. 70, at 9.

Six month later, on September 12, 2019, Toomer filed the pending motion for permission to petition for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Toomer seeks to appeal the Court's October 10, 2018 Order dismissing seven of his claims and its March 5, 2019 Order denying his motion to reconsider (collectively, "Orders"). Dkt. 75.

### III. STANDING

In Toomer's reply, he raised for the first time the argument that Defendants lacked standing to respond to his motion to file an interlocutory appeal. Citing to no caselaw, he briefly stated that since "neither TerraPower nor BEA were parties to the Government's motion for dismissal, the defendants have no real standing to provide argument on this issue." Dkt. 79, at 4. Toomer grossly misunderstands the standing doctrine.

The role of the courts is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies." *Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc)). Courts, therefore, assess the parties' standing before proceeding to the merits of their dispute. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008). To establish Article III standing, a plaintiff must show that "it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent,

not conjectural or hypothetical," that "the injury is fairly traceable to the challenged action of the defendant," and that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

Defendants' rights are concretely and actually affected by whether Toomer's case against them will be dismissed. The fact that they were not party to the Government's motion to dismiss does not change that. As Toomer himself made the Defendants party to the case at large and the entire case concerns Defendants' interests and liability, Defendants have the right to provide argument on whether the Court should grant Toomer's motion to file an interlocutory appeal on the issue of whether Toomer's claims against Defendants were properly dismissed.[1]

### IV. LEGAL STANDARD

As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). Interlocutory certification is a narrow exception to be applied sparingly and in "exceptional circumstances." *Id.* at 1026; *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); *Pac. Union*

---

[1] The idea that Defendants can participate here also finds support in Federal Rule of Civil Procedure 24, which *requires* courts to allow anyone to intervene in a case who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1).

*Conference of Seventh–Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citations omitted)). "The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *Villarreal v. Caremark, LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015) (internal quotation marks and citations omitted).

A district court may certify an order for immediate appeal where: (1) the order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; *and* (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The party pursuing the interlocutory appeal bears the burden of demonstrating the certification requirements of § 1292(b) are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Even when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification." *Schuler v. Battelle Energy All., LLC*, No. 4:18-CV-00234-CWD, 2019 WL 5295461, at *2 (D. Idaho Oct. 18, 2019) (internal quotation marks and citations omitted).

## V. DISCUSSION

Toomer contends that all three of the § 1292(b) requirements for interlocutory certification are met in this case. The Government and the Defendants disagree, with the Government arguing that none of the three statutory requirements are met and the Defendants arguing the second and third requirements are not met. The Court shall examine each of the statutory criteria in turn.

1. **Whether the Orders Involve a Controlling Question of Law**

A petitioner must demonstrate the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981). If so, the question is a "controlling issue of law." *Id.* Such questions typically involve fundamental determinations like who the necessary proper parties are, whether jurisdiction is proper, or whether state or federal law applies. *Id.* at 1026–27 (internal citation omitted).

Here, Toomer states the controlling issue of law is "whether it was an error for the court to grant the Government's motion to dismiss under 31 U.S.C. § 3730(c)(2)(A)."[2] Dkt. 79, at 4. Toomer questions whether the Government has the right to act on a purported internal policy[3] that favors dismissing FCA cases that it declines to intervene in rather than allowing the relator to proceed with the qui tam litigation pursuant to 31 U.S.C. § 3730(c)(3). The Court finds the Orders that Toomer seeks to appeal do concern a controlling question of law. The resolution of whether the Court appropriately granted the Government's motion to dismiss the qui tam suit, rather than allow the Relator to proceed with his FCA claims, does materially affect the outcome of the litigation as it determines

---

[2] Under that provision:

> The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

31 U.S.C. § 3730(c)(2)(A).

[3] The Government's internal policy favoring dismissals of FCA claims under 31 USC § 3730(c)(2)(A) is allegedly laid out in the DOJ's manual under § 4-4.111 or in the "Granston Memo." Dkt. 75-1, at 3.

what claims are being litigated.

## 2. Whether There Is Substantial Ground for Difference of Opinion

To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling question of law is unclear. Courts "traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch*, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). However, a substantial difference of opinion is not present "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling . . . ." *Id.* (internal quotation marks and citations omitted). Additionally, neither advisory opinions nor a party's "strong disagreement with the Court's ruling [are] sufficient for there to be a 'substantial ground for difference.'" *Id.* (internal quotation marks and citations omitted).

Here, Toomer argues there are substantial grounds for difference of opinion "not truly based on any prior or clear precedent, but rather upon a newly enacted DOJ policy which favors dismissing FCA claims rather than letting the relators proceed with the claim." Dkt. 79 at 5. The Court disagrees. The Ninth Circuit has already spoken on the question of when a district court may grant the Government's motion to dismiss a qui tam suit under 31 U.S.C. § 3730(c)(2)(A). Additionally, the Court finds the Government's internal policy is more similar to an advisory opinion, rather than a conflicting legal

precedent.

In *U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp.*, the Ninth Circuit "conclude[d] that 31 U.S.C. § 3730(c)(2)(A) permits the Government to dismiss a meritorious qui tam action over a relator's objections." 151 F.3d 1139, 1147 (9th Cir. 1998). To obtain a dismissal of a qui tam action, the Government must (1) identify a valid governmental purpose for the dismissal; and (2) demonstrate a rational relation between dismissal and accomplishment of the purpose. *Id*. at 1145. "If the Government satisfies the two-step test, the burden switches to the relator 'to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal.'" *Id*. at 1143 (citation omitted). This conclusion "reflects congressional intent that the qui tam statute create only a limited check on prosecutorial discretion to ensure suits are not dropped without legitimate governmental purpose." *Id*. at 1145.

After reviewing the briefing, and holding a motion hearing on the Motion to Dismiss, the Court ultimately concluded that "the Government has met its burden of establishing (1) a valid government purpose for the dismissal; and (2) a rational relation between dismissal and accomplishment of that purpose." Dkt. 40, at 12. Furthermore, the Court found that Toomer had not meet his burden to establish that the Government's "dismissal [was] fraudulent, arbitrary and capricious, or illegal." Dkt. 40, at 13 (quoting *Sequoia Orange*, 151 F.3d at 1143 (citation omitted)). Regardless of any internal policy encouraging or dissuading the Government from generally moving to dismiss a qui tam case rather than letting the realtor proceed with it, the Government met its necessary burden under Ninth Circuit precedent in this case by offering four substantial rationales for

dismissal. It had legitimate governmental reasons to dismiss the qui tam case and the Court must respect its discretion in doing so. *See Sequoia Orange*, 151 F.3d at 1143 ("[T]he decision to dismiss has been likened to a matter within the government's prosecutorial discretion in enforcing federal laws.")

Having concluded that the Government complied with binding Ninth Circuit precedent in how it moved to dismiss the case, the Court finds that there is no substantial ground for difference of opinion of whether the Court erred in dismissing the case pursuant to 31 U.S.C. § 3730(c)(2)(A) because there are no cases directly conflicting with the Court's construction of the law.

### 3. Whether an Immediate Appeal of the Court's Orders May Materially Advance the Ultimate Termination of the Litigation

Even assuming there was a controlling question of law in which there is a substantial ground for difference of opinion, the Court would still not grant Toomer's motion. A district court may permit a party to appeal when it believes that an "*immediate* appeal from an order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (emphasis added). The material advancement requirement is met if an immediate appeal decided in favor of the appellant would "avoid protracted and expensive litigation" and end the lawsuit. *See United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit.")); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (noting § 1282(b) is to be used "only in extraordinary cases

where decision of an interlocutory appeal might avoid protracted and expensive litigation," and holding a district court's order granting interlocutory appeal was "improvidently granted" upon finding the case at issue was "unexceptional"). Examples of such questions which, if decided in favor of the appellant, would materially advance the ultimate termination of the lawsuit "are those relating to jurisdiction or a statute of limitations which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case." *Woodbury*, 263 F.2d at 787.

"In applying these standards, the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging piecemeal appeals." *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008) (quoting *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959)). This does not mean that an interlocutory appeal must completely end the litigation. *See Woodbury*, 263 F.2d at 787. Rather, an "interlocutory appeal must be likely to materially speed the termination of the litigation." *Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006). "This factor is linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal by the court of appeals on the management of the case." *Id.*

The Court first notes that Toomer filed this motion over six months after his motion to reconsider was denied on March 5, 2019. Here, Toomer's own delay in seeking permission to file an interlocutory appeal weighs against his argument of the potential urgency of the matter; a six-month delay in filing the motion is not in line with the "immediate appeal" requirement set out under § 1292(b).

However, disregarding the delay, the Court looks to the asserted need of the proposed interlocutory appeal. Toomer argues that granting his motion would "speed up" the resolution of the case because, otherwise, he will have to wait until his other claim is resolved before pursuing the right to appeal. Dkt. 79 at 7. This is true in many federal cases, but there is a "strong bias of § 1291 against piecemeal appeals[.]" *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 872 (1994); *see In re Lorillard Tobacco Co.*, 370 F.3d 982, 988 (9th Cir. 2004) (noting that "applying a loose construction" of § 1292 only 'encourages unsuccessful assertions of jurisdiction, wasting precious appellate resources, burdening adverse parties, and perhaps diverting effort from expeditious continuation of trial court proceedings.'" (quoting 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3922.1, at 94 (1977)). Because the Court applied the controlling Ninth Circuit law in dismissing his FCA claims, it finds Toomer's case "unexceptional." Furthermore, if the immediate appeal was decided in favor of the Toomer, it would not "avoid protracted and expensive litigation" and end the lawsuit. Rather, it would expand the scope of discovery and result in protracted litigation.

Accordingly, the Court finds that immediate appeal would not materially advance the termination of this litigation and that this case does not reach the "exceptional circumstances" that Congress had in mind when it enacted 28 U.S.C. § 1292(b).

### 4. Whether the Relator Has the Right to Appeal Separate and Distinct from its Grounds to Appeal Pursuant to 28 U.S.C. § 1292(b)

The Court notes that Toomer raised in his reply, for the first time, an argument that he may have a right to appeal under a common-law collateral order doctrine, separate and

distinct from his right under § 1292(b). Dkt. 79 at 8. Toomer raised this argument too late for the Government to respond to. The argument is based on different grounds than those laid out in Toomer's motion which, "*pursuant to 28 U.S.C. § 1292(b)*," moved the Court to permit him to petition the Ninth Circuit for an interlocutory appeal of the Court's Orders. Dkt. 75, at 1 (emphasis added). The Court accordingly declines to analyze whether he has a right to appeal under a common-law collateral order doctrine.

## VI. CONCLUSION

The Court finds Toomer has not been able to satisfy his burden of demonstrating that all three statutory criteria requirements of § 1292(b) are met. Consequently, the Court declines to certify an order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

## VII. ORDER

It is HEREBY ORDERED:

1. Relator's Motion for Permission to Petition for an Interlocutory Appeal (28 U.S.C. § 1292(b)) (Dkt. 75) is **DENIED**.

DATED: December 6, 2019

_____
David C. Nye
Chief U.S. District Court Judge